UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS Z.T.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX,<br><br>Respondent. | No. 1:26-cv-08231-TLN-JDP<br><br>A # 216-717-445<br><br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Jose Luis Z.T.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondent filed an opposition. (ECF No. 6.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.)

///

///

///

///

///

[1] Che Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States on or about March 21, 2021. (ECF No. 6-1 at 2, 35.) He was detained by U.S. Border Patrol agents and placed into expedited removal proceedings. (*Id.* at 7, 35.) After expressing fear of returning to his native country, which was found credible, he was issued a Notice to Appear in immigration court, and released under an Order of Release on Recognizance. (*Id.* at 2, 4–6, 10, 15–33; ECF No. 1 at 27.) Petitioner's claims for asylum and other forms of immigration relief are ongoing and have involved extensive litigation. (ECF No. 1 at 4, 11; ECF No. 6-3.)

Following his arrest by local police, federal immigration authorities took custody of Petitioner at the Turner Guilford Knight Correctional Center in Miami-Dade County, Florida on March 12, 2025. (ECF No. 6-1 at 2.) On March 9, 2026, Petitioner filed a petition for writ of habeas corpus in the Southern District of Florida. (ECF No. 6-5 at 1–8.) He was subsequently transferred to Central Valley Annex Detention Facility. (ECF No. 1 at 4.) Petitioner requested a custody redetermination hearing before an immigration court, but the immigration judge denied the request for lack of jurisdiction. (ECF No. 6-4 at 1.)

On October 7, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.*)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.[2] (ECF No. 1 at 25–28.) In opposition, Respondent contends: (1) Petitioner's claims are barred by the first-to-file rule and the abuse of the writ doctrine; (2) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) ("§ 1225(b)(1)(B)(ii)") and (3) Petitioner's detention is constitutional because he is subject to the entry fiction doctrine. (ECF No. 6 at 2–3.)

### A. First-To-File Rule and Abuse of the Writ Doctrine

Respondent argues that Petitioner's claims are barred by his earlier-filed habeas petition in the Southern District of Florida pursuant to the first-to-file rule and the abuse of the writ doctrine. (ECF No. 6 at 2–3.)

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). The rule "applies when two cases involving 'substantially similar issues and parties' have been filed in different districts." *In re Bozic*, 888 F.3d 1048, 1051 (9th Cir. 2018) (*quoting Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015)). "However, this 'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. Courts undertaking the first-to-file analysis should be guided by "the three pillars supporting the first-to-file rule — economy, consistency, and comity." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021).

The common law "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Alaimalo v. United States*,

[2] Petitioner also challenges his detention as violating the Immigration and Nationality Act and for being impermissibly prolonged. (ECF No. 1 at 6–7.) Finding relief warranted on Petitioner's due process claim, the Court declines to address these additional claims in favor of judicial economy.

645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Id.* The government bears the burden of pleading abuse of the writ and must do so with "clarity and particularity." *Id.*; *McCleskey v. Zant*, 499 U.S. 467, 494 (1991), *superseded by statute on other grounds as stated in Banister v. Davis*, 590 U.S. 504 (2020). "The burden to disprove abuse then becomes petitioner's." *McCleskey*, 499 U.S. at 494.

With respect to abuse of the writ, Respondent has failed to meet their burden to identify duplicative claims with clarity and particularity. The government devotes a single sentence to this argument: "Separately, the abuse-of-the-writ doctrine bars claims that were raised or could have been raised earlier unless the petitioner shows cause and prejudice or a fundamental miscarriage of justice, and he shows neither." (ECF No. 6 at 2.) The Court cannot discern from this conclusory assertion which claims Respondent contends overlap with the Florida petition. *See Alaimalo*, 645 F.3d at 1049 ("The government bears the burden of pleading abuse of the writ . . . but it did not do so here. Therefore, we do not reach this issue.") (citing *McCleskey,* 499 U.S. at 477).

With respect to the first-to-file rule, because Petitioner filed his Petition for Writ of Habeas Corpus while detained in this district, the Court has jurisdiction to rule on the claims presented therein. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in ... the district of confinement."). Upon review of the docket in *Torres, v. D.H.S.*, No. 1:26-cv-21554-MD (S.D. Fla. Mar. 9, 2026), the Court is satisfied that the interests of comity, consistency, and judicial economy would not be served by declining to accept jurisdiction in this case. The Southern District of Florida has entered no substantive orders with which this Court's ruling would conflict. *Id.* Sufficient briefing has been submitted to this Court to permit it to rule on the Petition, and judicial economy would not be favored by holding the matter in abeyance, particularly given the substantial liberty interest at stake.

The Court therefore rejects Respondent's arguments on the application of the abuse of the writ doctrine and first-to-file rule, and proceeds to address the merits of Petitioner's claims.

B. Fifth Amendment Due Process Clause

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*i. Liberty Interest*

Respondent asserts that Petitioner lacks a protectable liberty interest because he is subject to mandatory detention under § 1225(b)(1)(B)(ii), and, pursuant to the entry fiction doctrine, "is entitled to no more process than the statute provides." (ECF No. 6 at 3.)

"[E]ven assuming that petitioner is currently detained under 8 U.S.C. § 1225(b)(1)(B)(ii) as [R]espondent asserts, it is undisputed that petitioner was subsequently released after his re-entry and resided in the United States until his current re-detention." *Enriquez Escarcega v. Warden of the Golden State Annex Facility*, No. 1:26-CV-01012-DAD-SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026). The Court "need not determine whether [8 U.S.C.] § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme." *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025).

Respondent's invocation of the entry fiction doctrine is based upon a fundamental misreading of the Ninth Circuit's decision in *Padilla v. United States Immigration & Customs Enforcement*, No. 24-2801, 2026 WL 2822044 (9th Cir. Sept. 21, 2026). Seizing upon the court's discussion of *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), Respondent contends that *Padilla* "confirmed the continuing force of the entry-fiction doctrine for arriving [noncitizens] apprehended at or near a point of entry and later either paroled into the United States or detained pending admissibility." (ECF No. 6 at 3.) The *Padilla* Court, however, was at pains to emphasize that the entry fiction doctrine does not divest noncitizens of their due process rights regarding detention: "In sum, the government's strictly circumscribed detention authority, a pillar of our common law tradition for almost a millennium, stands in contrast to the political branch's 'plenary authority to decide which [noncitizens] to admit.'" No. 24-2801, 2026 WL 2822044, at *19 (citing *Thuraissigiam*, 591 U.S. at 139). The entry fiction doctrine therefore "has no application here, the government's fervent pleas for its vast expansion notwithstanding." *Id.*

Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

*ii. Procedures Required*

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. Having considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. *See Brayan C. C. v. Warden of California City Corr. Ctr.*, No. 2:26-CV-00641-TLN-JDP, 2026 WL 710358, at *3–4 (E.D. Cal. Mar. 13, 2026). First, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. Second, the risk that Petitioner is being erroneously deprived of his liberty is high. Respondent does not argue Petitioner is a danger[3] or a flight risk, and Petitioner has

---

3 Respondent notes that Petitioner was arrested by local authorities and submits a copy of Petitioner's RAP sheet which reflects the pending charges against him for drug, traffic, and petit

received virtually no procedural safeguards to ensure his detention is justified. Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low.

Thus, upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondent must IMMEDIATELY RELEASE Petitioner Jose Luis Z.T. A# 216-717-445 from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions. **Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondent is ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. This Order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

4. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 3.)

5. **The Clerk of Court is directed to serve Central Valley Annex Detention Facility with a copy of this Order.**

---

theft charges. (ECF No. 6 at 2; ECF No. 6-2 at 4–11.) However, Respondent develops no meaningful argument that these alleged offenses demonstrate that Petitioner is a danger.

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: October 16, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE